# UNITED STATES DISTRICT COURT

## District of Oregon

Neal A. Hausam,

                            Plaintiff(s)

vs.                                         **Case No:**   **3:09-CV-1437-ST**

Homecomings Financial, LLC., et al,

                           Defendant(s).

## Civil Case Assignment Order

    **(a)**    **Presiding Judge:** The above referenced case has been filed in this court and assigned for all further proceedings to:

> Presiding Judge  . . . . . . . . . . . . . . . . . . . . . . . **Hon. Janice M. Stewart**
>
> Presiding Judge's Suffix Code*  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **ST**
>
>     *These letters must follow the case number on all future filings.

    **(b)**    **Courtroom Deputy Clerk:**  Questions about the status or scheduling of this case should be directed to Donna Ausbie at (503) 326-8057 or donna_ausbie@ord.uscourts.gov

    **(c)**    **Civil Docket Clerk:** Questions about CM/ECF filings or docket entries should be directed to  Marilyn Kirkland at (503) 326-8012 or Marilyn_Kirkland@ord.uscourts.gov.

    **(d)**    **Place of Filing:** Pursuant to LR 3.4(b) all conventionally filed documents must be submitted to the Clerk of Court, Room 740, Mark O. Hatfield United States Courthouse, 1000 S.W. Third Avenue, Portland, Oregon 97204. (See also LR 100.4)

    **(e)**    **Jurisdictional Authority of Magistrate Judges:**

        **(1)**    **Pretrial Administration:** In accordance with LR 72, the assigned United States Magistrate Judge is authorized to conduct all pretrial proceedings contemplated by 28 U.S.C. § 646(b) and Fed. R. Civ. P. 72 without further designation of the court.

(2)     **Trial by Consent and Appeal Options:** In accordance with LR 73, 28 U.S.C. § 646(b) and Fed. R. Civ. P. 73, all United States Magistrate Judges in this district are certified to exercise civil jurisdiction in assigned cases and, <u>with the consent of the parties</u>, enter final orders on dispositive motions, conduct trial, and enter final judgment which may be appealed directly to the Ninth Circuit Court of Appeals (instead of a district judge).

(f)     **Consent to a Magistrate Judge:** In accordance with 28 U.S.C. Sec. 636(c) and Fed. R. Civ. P. 73, all United States Magistrate Judges in the District of Oregon are certified to exercise civil jurisdiction in assigned cases and, with the consent of the parties, may also enter final orders on dispositive motions, conduct trial, and enter final judgment which may be appealed directly to the Ninth Circuit Court of Appeals (instead of to a District Judge).

Parties are encouraged to consent to the jurisdiction of a Magistrate Judge by signing and filing the <u>Consent to Jurisdiction by a United States Magistrate Judge</u> (a copy of the consent form is included with this assignment order).  There will be no adverse consequences if a party elects not to  consent to a Magistrate Judge.

(g)     **District Court Website:** Information about United States Magistrate Judges in the District of Oregon, local rules of practice; CM/ECF electronic filing requirements; responsibility to redact personal identifiers from pleadings, motions, and other papers; and other related court information can be accessed on the court's website at www.ord.uscourts.gov.

**Dated:**  December 4, 2009

                    _____/s/ J. Cubias_____
            **By:**     J. Cubias, Deputy Clerk

            **For:**   **Mary Moran, Clerk of Court**

## UNITED STATES DISTRICT COURT

### District of Oregon

Neal A. Hausam,

                          Plaintiff(s)

vs.                                                    Case No:      3:09-CV-1437-ST

Homecomings Financial, LLC., et al,

                          Defendant(s).

_____

### Discovery and Pretrial Scheduling Order

In order to facilitate and expedite discovery and the effective management of this case, the Court orders that:

**(a)**    **Corporate Disclosure Statement:**    In accordance with Fed.R.Civ.P. 7.1, any non-governmental corporate party must file a corporate disclosure statement concurrently with the filing of a first appearance.

**(b)**    **Initial Conference of Counsel for Discovery Planning:**

**(1)**    Except in cases exempted under Fed. R. Civ. 26(a)(1)(E), upon learning the identity of counsel for Defendant(s), counsel for the Plaintiff(s) shall initiate communications with counsel for Defendant(s).

**(2)**    All counsel shall then confer as required by Fed. R. Civ. P. 26(f) within thirty (30) days after all Defendants have been served (*See* LR 26.1).

**(3)**    In accordance with LR 16.2(b) and LR 16.4(c), counsel shall also discuss their client's positions regarding consent to a Magistrate Judge and Alternate Dispute Resolution options.

**(4)**    If counsel for all of the parties agree to forego the initial disclosures required by Fed. R. Civ. P. 26(a)(1), they can use the Court form issued with this order (*See* LR 26.2). Whether or not the parties agree to forego the initial disclosures, they may seek discovery once the initial conference of counsel for discovery planning contemplated by Fed. R. Civ. P. 26(f) has occurred (*See* LR 26.1).

(c)    **Rule 16(b) Court Conference for Scheduling and Planning:** Counsel for Plaintiff(s) and for Defendant(s) shall, during or promptly after the conference of counsel referred to in the prior paragraph, contact the assigned judge's deputy clerk and schedule a LR 16.2 conference for scheduling and planning.

At the conference, the parties shall be prepared to discuss discovery, consent to a Magistrate Judge, scheduling and other issues presented by this action, including proposed modifications to the initial schedule set forth below (See LR 16.2).

(d)    **Pretrial and Discovery Deadlines:** Not later than 120 days from the date of this order, counsel for all parties shall:

> (1)    File all pleadings pursuant to Fed. R. Civ. P. 7(a) and 15;
>
> (2)    Join all claims, remedies and parties pursuant to Fed. R. Civ. P. 18 and 19;
>
> (3)    File all pretrial, discovery and dispositive motions;
>
> (4)    Complete all discovery; and
>
> (5)    Confer as to Alternate Dispute Resolution pursuant to LR16.4(c).

(e)    **Pretrial Order Deadline:** Unless otherwise waived by the court, not later than 150 days from the date of this order, counsel shall lodge a Joint Pretrial Order (*See* LR 16.6), and file a Joint Alternate Dispute Resolution Report (*See* LR 16.4).

(f)    **Service of this Order:** Counsel for the Plaintiff shall serve this order, and all attachments, upon all other parties to the action.

(g)    **CM/ECF Electronic Filing Requirements:** Beginning September 1, 2006, all Registered CM/ECF users must electronically file pleadings, documents, and other papers (other than the initial complaint or removal papers), pursuant to LR 100.1(b). Prior to that date, electronic filing by registered CM/ECF users is authorized and encouraged, although not required. More information about CM/ECF and the Court's electronic filing requirements, including Local Rule 100, can be found on the court's website at www.ord.uscourts.gov

**Dated: December 4, 2009**

                               _____/s/ J. Cubias_____

**By:**    J. Cubias, Deputy Clerk

**For:    Mary Moran, Clerk of Court**

# UNITED STATES DISTRICT COURT

## District of Oregon

**Neal A. Hausam,**

Plaintiff(s)

**vs.**                                                     **Case No:**    **3:09-CV-1437-ST**

**Homecomings Financial, LLC., et al,**

Defendant(s).

---

## Fed. R. Civ. P. 26(a)(1) Discovery Agreement

In accordance with LR 26.2, I state that the parties who have been served and who are not in default, have agreed to forego the disclosures required by Fed. R. Civ. P. 26(a)(1).

**DATED:**

| | |
|---:|---|
| **Signature:** | _____ |
| **Name & OSB ID:** | _____ |
| **e-mail address:** | _____ |
| **Firm Name:** | _____ |
| **Mailing Address:** | _____ |
| **City, State, Zip:** | _____ |
| **Phone Number:** | _____ |
| **Parties Represented** | _____ |

cc:    Counsel of Record

---

Revised June 1, 2006                          **Fed. R. Civ. P. 26(a)(1) Discovery Agreement**

# UNITED STATES DISTRICT COURT

## District of Oregon

Neal A. Hausam,

Plaintiff(s)

vs.                                                                 Case No:      3:09-CV-1437-ST

Homecomings Financial, LLC., et al,

Defendant(s).

### Consent to Jurisdiction by a Magistrate Judge
### and Designation of the Normal Appeal Route

       In accordance with Fed. R. Civ. P 73(b), as counsel for the party (parties) identified below, I consent to have a United States Magistrate Judge conduct any and all proceedings in this case, including entry of orders on dispositive motions, trial, and entry of final judgment.  I understand that withholding consent will not result in any adverse consequences.  In accordance with Fed. R. Civ. P. 73(c), I agree that any appeal from a final order or judgment entered by a United States Magistrate Judge shall proceed directly to the United States Court of Appeals for the Ninth Circuit, and not to a District Judge of this Court.

**DATED:**

| | |
|---:|---|
| **Signature:** | _____ |
| **Name & OSB ID:** | _____ |
| **e-mail address:** | _____ |
| **Firm Name:** | _____ |
| **Mailing Address:** | _____ |
| **City, State, Zip:** | _____ |
| **Phone Number:** | _____ |
| **Parties Represented** | _____ |

cc:     Counsel of Record

# US District Court – Oregon
## Civil Case Management Time Schedules

| Local Rule | Event or Requirement | Time Frame | Comment |
|---|---|---|---|
| LR 16.1(d) | Discovery and Pretrial Scheduling Order (with attachments) | Issued by the clerk's office at the time of filing, along with the summonses | Required to be served on all parties by the filing party |
| LR 26.1 | Initial Conference for Discovery Planning | Within 30 days from service of the last defendant | Held between parties |
| LR 16.2(a) | Rule 16(b) Conference | Scheduled by the assigned judge after the required LR 26.1 Discovery Conference | Affirmative duty on all counsel to contact the assigned judge's courtroom deputy (See LR 16.2(a) |
| LR 16.4(c) | ADR Conference Requirements | Within 120 days from the date the discovery order is issued | Parties must confer with other attorneys and unrepresented parties to discuss ADR options |
|  | Joint Status Report | Within 120 days from the date the discovery order is issued | Required in cases assigned to Judges Hogan and Jones |
| LR 16.2(e) | Completion of Discovery | Unless otherwise ordered by the court, within 120 days from the date the discovery order is issued | Discovery deadlines are set forth in the Discovery and Pretrial Scheduling Order |
| LR 16.4(d) | Joint ADR Report | Within 150 days from the date the discovery order is issued | The parties must file a Joint ADR Report |
| LR 16.6 | Joint Pretrial Order | Unless otherwise modified pursuant to LR 16.6(a), within 150 days from the date the discovery order is issued | PTO filing deadline is established in the Discovery and Pretrial Scheduling Order |
| LR 16.4(f)(1)(D) | Notice to the Court that the Parties Are Unable to Select a Volunteer Mediator | Within ten (10) days after entry of a court order directing reference to a volunteer mediation | Plaintiff's attorney is responsible for notifying the court |
| LR 16.4(h)(1) | Notification of Private ADR Results | Within seven (7) days after the conclusion of private ADR proceedings | Plaintiff's attorney is responsible for notifying the court |
| LR 16.4(h)(2) | Report of Court Appointed Private or Volunteer Mediation | Promptly if no settlement is achieved | Court appointed private or volunteer mediator is responsible for notifying the court |