Paul R.J. Connolly, OSB #844090
paul@connollypc.com
Kevin J. Jacoby, OSB #063783
Tyler P. Malstrom, OSB #094325
tyler@connollypc.com
2731 Twelfth St. SE
PO Box 3095
Salem, OR 97302
Phone: (503) 585-2054
Fax: (503) 584-7037
        Of Attorneys for Plaintiff.

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NEAL A. HAUSAM,<br><br>        Plaintiff,<br><br>    v.<br><br>HOMECOMINGS FINANCIAL, LLC; GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; LSI TITLE OF OREGON, LLC; and EXECUTIVE TRUSTEE SERVICES, LLC,<br><br>        Defendants. | Case No.:<br><br>MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER |

I.

INTRODUCTION

This is an action necessitated by Plaintiff Neal A Hausam's ("Hausam") and the undersigned's attempts to enforce a residential mortgage loan modification agreed to between Hausam and Defendants. As shown in the Complaint and the concurrently filed Declaration of Neal A. Hausam ("Hausam Decl."), shortly after agreeing to modify

Page 1 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

Hausam's loan, the Defendants repudiated the parties' agreement and began non-judicial foreclosure proceedings. Since being notified of the Defendants' initiation of non-judicial foreclosure proceedings, Hausam has strived to convince Defendants to honor the agreement reached, yet Hausams efforts have not been met with good faith, Defendants have refused to extend the foreclosure sale date, and have repudiated the modification agreement. Thus, Hausam is left with no alternative than to seek aid of this court to enjoin the foreclosure.

II.

STATEMENT OF FACTS

**I.     Plaintiff is a Disabled Retiree.**

Hausam is a seventy-year-old disabled man. Hausam Decl. ¶¶ 1, 15. For the past 26 years he has owned and resided at 2054 Mousebird Avenue NW, Salem, Polk County, Oregon, which is a single family residence. *Id.,* ¶ 2. This is Hausam's primary residence. *Id.,* at ¶ 5.

**II.    Trust Deed and Original Loan.**

On or about June 14, 2007, Hausam obtained a loan in the amount of $264,000 from Defendant Homecomings Financial, LLC ("HF"), and secured by a first position deed of trust on Hausam's home. *Id.,* ¶ 3; Ex. 1. The monthly payments on the loan were initially to be interest-only in the amount of $1,512.50 for the first 120 months of the note, and thereafter were scheduled to increase to $2,027.03 per month. *Id.*

**III.   Plaintiff's Financial Hardships.**

Due to varying factors, including but not limited to Hausams' disability, age, and investment losses, Hausam was unable to make his regular March 2009 mortgage

Page 2 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

**Law Office of Paul R.J. Connolly**
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037

payment. *Id.,* at ¶¶ 15, 17; Ex. 9. Hausam immediately notified HF of his inability to make is regularly scheduled mortgage payment.

On or about March 17, 2009, HF sent Hausam a "Financial Analysis Form" along with a letter instructing Hausam to complete the form so that HF could determine whether Hausam "qualif[ied] for programs including the Obama administrations Making Home Affordable Refinance and Modification Plan." *Id.,* at ¶ 21; Ex. 11.

Hausam completed the Financial Analysis Form and returned it to HF on April 6, 2009, along with all necessary documentation. *Id*., at ¶¶ 14, 23; Ex. 8, 12. On April 14, 2009, Hausam submitted additional documentation to complete the Financial Analysis Form, including copies of Hausam's most recent Social Security checks and most recent rental income. *Id.,* at ¶ 24; Ex. 13.

On June 9, 2009, an authorized representative of HF informed Hausam that HF had begun reviewing his application for a HAMP mortgage modification on May 26, 2009, and that HF would take 40-60 days to approve his application. *Id.,* at ¶ 26. On June 22, 2009, Hausam submitted another Financial Analysis Form to HF to correct one item from the previously submitted form. *Id.,* at ¶ 27.

On July 2, 2009, GMAC[1] wrote Hausam a letter stating that GMAC had "reviewed your mortgage account and determined that you may qualify to refinance your current loan with a new lower rate." *Id.,* at ¶ 28; Ex. 16. The letter further stated that when Hausam called his mortgage lender, a "Loan Agent" would "confirm your eligibility[, a]nd if you're eligible, I'll provide a rate quote and you'll be able to start your application right over the phone." *Id.*

---

[1] GMAC is an affiliate of HF. See Complaint ¶¶ 6, 7.

Page 3 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

**Law Office of Paul R.J. Connolly**
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037

IV. **Agreement to Modify Loan**

On July 10, 2009, Hausam spoke with a duly authorized representative of HF who informed Hausam that HF had determined that Hausam qualified for a modified mortgage under the Home Affordable Modification Program ("HAMP"). *Id.,* at ¶ 29. HF's agent requested that Hausam provide more information about Hausam's current financial situation. *Id.* He also told Hausam that HF would modify the mortgage to approximately $1,300 per month, to include principal, interest, taxes, and insurance. *Id.* Hausam faxed the requested information to HF later that same day, and again on July 13, 2009. *Id.,* at 30; Ex. 17.

On July 21, 2009, a duly authorized representative of HF told Hausam that he had been approved for the modified mortgage and that the modified loan amount would be $1,311.92. *Id.,* at ¶ 31; Ex. 18. This amount was 31% of Hausam's monthly gross income. *Id.* Hausam agreed to pay this amount, and HF's agent instructed Hausam to pay this amount into an escrow account to keep the property from being placed into foreclosure. *Id.* Hausam was led to believe that the only step that remained in the modification process was to memorialize the modification in a writing, and that HF would prepare and forward the necessary paperwork to Hausam.

V. **Foreclosure Proceedings Initiated.**

Before the modification agreement could be reduced to writing, and after Hausam was notified that he was eligible for loan modification under HAMP, LSI Title Company of Oregon, LLC ("LSI"), the trustee under the Deed of Trust, had signed a Trustee's Notice of Sale which commenced a non-judicial foreclosure proceeding pursuant to Oregon law. Ex. 4. Hausam received a true copy of the Trustee's Notice of Sale on August 6, 2009.

Page 4 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

**Law Office of Paul R.J. Connolly**
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037

*Id.,* at ¶ 32. The Trustee's Notice of Sale recited that Hausam had failed to make a monthly payment of $1,511.55 when due, but did not acknowledge that the beneficiary under the Deed of Trust, HF, had agreed to modify the debt secured by the Deed of Trust and that under the terms of said modification, no payment was yet due. *Id.*

## VI. Plaintiff and HF's Performance Under the Modified Loan Agreement.

On August 12, 2009, Hausam mailed a personal check in the amount of $1,311.92 to HF in accordance with HF's instructions to modify the mortgage. *Id.,* at ¶ 33; Ex. 19. With the check, Hausam included a letter explaining his understanding that "this payment is to stop foreclosure action and it is to be put into an escrow account pending the closure of a refinancing." *Id.* HF accepted this check and cashed it on August 19, 2009. *Id.,* at ¶ 34; Ex. 20.

On August 31, 2009, Hausam received a letter from GMAC instructing him to submit his most recent payment of income and to resubmit his application for mortgage modification. *Id.,* at ¶ 36. On September 4, 2009, Hausam submitted the requested information yet again, and forwarded a second personal check in the amount of $1,311.92 to HF. *Id.,* at ¶¶ 35, 36; Ex. 21, 22.

On September 15, 2009, GMAC returned the second personal check, purportedly because the check had not been paid in the form of certified funds. *Id.,* at ¶ 37; Ex. 23. GMAC did not cite any other basis for returning this payment. *Id.*

On September 30, 2009, Hausam forwarded a certified check in the amount of $1,311.92 to HF, pursuant to the instructions in the September 15, 2009 letter. *Id.,* at ¶ 38, 39; Ex. 24, 25. On October 8, 2009, GMAC cashed the certified check sent on September 30, 2009. *Id.,* at ¶ 40; Ex. 26.

Page 5 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

**VII. GMAC, on Behalf of HF, Repudiates the Modification Agreement.**

On October 13, 2009, Hausam forwarded a second certified check in the amount of $1,311.92 to HF. *Id.,* at ¶ 41; Ex. 27. On October 22, 2009, GMAC returned the second certified check. *Id.,* at ¶ 42; Ex. 28. The letter accompanying the returned letter states, "These funds do not represent the full amount due to reinstate your account at this time." *Id.*, at Ex. 28. The letter further states, "Your account has been transferred to our attorney to begin foreclosure proceedings." *Id.* In addition, the letter states as follows:

> "If you cannot afford to reinstate your mortgage, there may be alternatives available to help you avoid foreclosure. Contact the Loss Mitigation Department at GMAC Mortgage, LLC immediately at 800-850-4622 to discuss these options."

*Id.*

On October 28, 2009, Hausam redeposited the returned mortgage payment into his bank account. *Id.,* at ¶ 42; Ex. 28. Hausam paid into a trust account the monthly mortgage payments due for the third trial period payment due in October 2009, and the first permanent modification payment due in November 2009. Hausam remains ready, willing, and able to make such payment and any subsequent payments to GMAC for the restructured amount of $1,311.92 per month upon GMAC's full performance of their contractual obligations.

**VI. Demands to Postpone Trustee Sale**

To date, Hausam has never received any written notice from HF or GMAC that his application for loan modification is deficient, or that Hausam is not eligible for a mortgage modification under HAMP.

Hausam has repeatedly attempted to contact HF and GMAC to advise them of his completed application, his negotiated mortgage modification, and their receipt of payments.

Page 6 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

**Law Office of Paul R.J. Connolly**
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037

None have acted upon these calls.

On November 17, 2009, counsel for Hausam forwarded a demand letter to LSI, ETS, HF, and GMAC, asking for relief by cancelling the foreclosure because Hausam is eligible for, applied for, and was orally granted a mortgage modification in accordance with HAMP. Connolly Decl., Ex. 29, 30, 31, 32, 33. Counsel for Hausam forwarded a second demand letter to LSI and ETS on November 23, 2009. *Id.,* Ex. 34. No substantive response has been received. *Id.*

III.

MEMORANDUM

As shown above and demonstrated by the declarations and exhibits in the record, Plaintiff and his lender, HF, had agreed to a modification of his residential mortgage in order to avoid foreclosure. Plaintiff has performed pursuant to the terms of the modification, and HF and HF's servicer, GMAC, has accepted two monthly payments consistent with the parties' understanding regarding the modification.

Regardless, the Trustee LSI has refused to honor this modification and initiated foreclosure proceedings, which are currently set to culminate on December 7, 2009. Despite repeated attempts by Plaintiff and the undersigned, all Defendants have steadfastly refused to postpone the foreclosure sale date to allow the modification to be properly documented.

FRCP 65(b)(1) authorizes the court to issue a temporary restraining order without written or oral notice to the adverse parties only if:

> "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> "(B) the movant's attorney certifies in writing any efforts made to give notice and the

Page 7 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

**Law Office of Paul R.J. Connolly**
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037

reasons why it should not be required."

Here, there is ample evidence that the Plaintiff's property will be sold at the courthouse steps in Polk County, Oregon on December 7, 2009. This is only the next business day after this motion is presented to the court. Thus, Plaintiff will suffer immediate and irreparable injury by having his property foreclosed well before the Defendants can be heard in opposition. Plaintiffs have satisfied the first element set forth above.

As shown in the Authenticating Declaration of Paul R.J. Connolly, the undersigned has made several written contacts with the Defendants, and each one setting forth the facts contained in this memorandum, and requesting the Defendants to voluntarily postpone the foreclosure sale date. Each of these letters notified the Defendants that if they did not respond to the Plaintiff's demand for postponement of the sale date, Plaintiff would have no other choice but to file a complaint and seek an injunction of the foreclosure sale pending completion of the modification agreement. Each of these letters have gone unanswered.

In addition, the day immediately prior to making this motion for temporary restraining order, the undersigned faxed letters to each Defendant notifying them of Plaintiff's intent to file the instant motion.

Thus, under the circumstances that each Defendant has been notified of Plaintiff's intent to file a complaint and seek an injunction of the foreclosure sale date on several occasions, Plaintiff has satisfied the second element outlined above.

/ / /

/ / /

**Law Office of Paul R.J. Connolly**
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037

IV.

CONCLUSION

For the foregoing reasons, Plaintiff requests that the Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter be GRANTED, and the court sign and enter the enclosed proposed form of order.

DATED this 3rd day of December, 2009.

By   */s/ Paul R.J. Connolly*
Paul R.J. Connolly, OSB #844090
Kevin J. Jacoby, OSB #063783
Tyler P. Malstrom, OSB #094325
Telephone: (503) 585-2054
Of Attorneys for Plaintiff.

Page 9 - MEMORANDUM IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

**Law Office of Paul R.J. Connolly**
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037