Paul R.J. Connolly, OSB #844090
paul@connollypc.com
Kevin J. Jacoby, OSB #063783
Tyler P. Malstrom, OSB #094325
tyler@connollypc.com
2731 Twelfth St. SE
PO Box 3095
Salem, OR 97302
Phone: (503) 585-2054
Fax: (503) 584-7037
    Of Attorneys for Plaintiff.

UNITED STATES ~~BANKRUPTCY~~ DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NEAL A. HAUSAM,<br><br>    Plaintiff,<br><br>v.<br><br>HOMECOMINGS FINANCIAL, LLC;<br>GMAC MORTGAGE, LLC; MORTGAGE<br>ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; LSI TITLE OF OREGON,<br>LLC; and EXECUTIVE TRUSTEE<br>SERVICES, LLC,<br><br>    Defendants. | Case No.: CV'09 1437 ST<br><br>[PROPOSED] ORDER GRANTING<br>TEMPORARY RESTRAINING ORDER<br>AND ORDER TO SHOW CAUSE WHY<br>PRELIMINARY INJUNCTION SHOULD<br>NOT ENTER |

Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Enter came before the court on December 4, 2009. Plaintiff was represented by Kevin J. Jacoby and Paul R.J. Connolly.

Based on the record, including the Declaration of Neal A. Hausam, the Authenticating Declaration of Paul R.J. Connolly, their attached exhibits, and the arguments of counsel, the court finds:

Page 1 - MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

1. If the Defendants are not restrained from conducting the currently scheduled foreclosure sale on or about December 7, 2009, Plaintiff will suffer irreparable harm by having his primary residence sold at the foreclosure sale. Based upon the documents and exhibits in the record, Plaintiff is unable to exercise any rights of redemption hey may have available to him under state law, and the foreclosure sale will certainly result in the ouster of Plaintiff from his home of 26 years. Based upon Plaintiff's age and disability, Plaintiff would endure severe economic and emotional hardship if Defendants were to conduct the foreclosure sale on December 7, 2009 as scheduled. Thus, the injury to Plaintiff will be irreparable.

2. Plaintiff's attorney has made reasonable efforts to notify Defendants and their agents of the motion by faxing or mailing several letters to the Defendants prior to making the application for temporary restraining order. Plaintiff's attorney has sent two letters to the trustee under the Deed of Trust and its agent, on November 18, 2009 and again on November 23, 2009. The trustee and its agents have failed to respond to Plaintiff's repeated attempts to postpone the foreclosure date. As of the date of the application for temporary restraining order, none of the Defendants have made or attempted to make any kind of contact with Plaintiff's attorney, and none of the Defendants have made it known that they have engaged counsel to represent them in their putative dispute with Plaintiff.

3. Due to Plaintiff's age, disability, limited financial ability, and the positions of the parties, and the fact that Plaintiff is seeking merely to preserve the *status quo*, the court finds that good cause exists to allow the Plaintiff to post a nominal bond in the amount of $1. The clerk is directed to accept a cash payment from Plaintiff's attorney for the full amount of the bond.

/ / /

Page 2 - MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

THEREFORE, IT IS HEREBY ORDERED as follows:

1. Until further order of the court or as otherwise provided in this Order, the defendants Homecoming Financial, LLC; GMAC Mortgage, LLC; Mortgage Electronic Registration Systems, Inc.; LSI Title Company of Oregon, LLC; and Executive Trustee Services, LLC, or any officer, agent, servant, employee, attorney or other persons or entities in active concert or participation any of the above entities and who receive actual notice of this order are hereby restrained from conducting a sale by means of non-judicial foreclosure or any other means of the premises commonly known as 2054 Mousebird Avenue NW, Salem, Polk County, Oregon 97304, and more specifically described in the attached Exhibit A to this Order.

2. Defendants shall appear before this court on __Dec. 18__ at __10 a__ Courtroom __14A__, US District Court, District of Oregon, Portland Division, and show cause, if any there be, why the actions described above should not continue to be restrained during the pendency of this action.

3. The orders contained in paragraph 1 above shall expire at the date and time set out in paragraph 2 above unless extended by further order of this court.

4. This order shall be effective only upon posting of cash or by a qualified corporate surety bond as described in the sum of $ __1.00__.

DATED this __4th__ day of December, 2009.

_____
US District Judge

Time Issued: __2 p.m.__

Page 3 - MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ENTER

Law Office of Paul R.J. Connolly
2731 12th Street SE | PO Box 3095
Salem, OR 97302
Ph: 503.585.2054 | Fax: 503.584.7037

Case 3:09-cv-01437-MO    Document 8    Filed 12/04/2009    Page 4 of 4

Order No. 50g005545

"EXHIBIT A"

A tract of land situated in the Northeast one-quarter of Sections 17, Township 7 South, Range 3 West, of the Willamette Meridian, in the City of Salem, County of Polk and State of Oregon, being more particularly described as follows:

Beginning at a point 60.00 feet North 89° 53' 34" West from the Southwest corner of Lot 51, ROYALANN ESTATES NO. 6, Volume 13, Page 7, Book of Town Plats, Polk County, Oregon; thence North 89° 53' 34" West, along the North line of CHAPMAN HILLS WEST NO. 2, Volume 9, Page 1, Book of Town Plats, Polk County, Oregon, 131.24 feet; thence North 00° 25' 33" West, 149.93 feet; thence South 89° 54' 16" East, 99.91 feet to a point on the arc of a 45.00 foot radius curve to the left; thence
along the arc of said curve 60.75 feet the long chord of which bears South 35° 37' 00" East, 56.24; thence South 00° 10' 19" West, parallel to the West line of said Lot 51, a distance of 104.28 feet, to the place of beginning, and containing 0.43 acres of land, more or less.

ALSO TOGETHER WITH a 20 foot access easement being more particularly described as follows:

Beginning at the Northwest corner of Lot 51 ROYALANN ESTATES NO. 6 Volume 13, Page 7, Book of Town Plats, Polk County, Oregon; thence North 74° 00' 24" West, 91.83 feet to a point on a 45.00 radius curve to the right; thence along the arc of said curve 22.78 feet, the long chord of which bears North 11° 26' 40" West, 22.53 feet to the Northeast corner of the above described tract; thence South 74° 00' 24" East, 96.55 feet to a point on the East line of that tract of land described in Book 247, Page 79, Polk County Deed Records; thence South 00° 10' 19" West, along said East line, 20.79 feet, to the point of beginning.

16/16



EXHIBIT
A

Hausam 142

Description: Polk,OR Document - Year.DocID [1/15/2004 - Current] 2007.9717 Page: 16 of 16